cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMCHIT JOY NASIRICHAMPANG,<br><br>   Petitioner,<br>v.<br><br>VICTOR M. ALMAGER, Warden,<br><br>   Respondent. | Civil No.07cv1129 L (AJB)<br><br>Report and Recommendation to Grant Respondent's Motion to Dismiss<br>[Doc. No. 13] |

On June 19, 2007[1], Petitioner, Somchit Joy Nasirichampang, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his December 28, 2000, conviction in San Diego Superior Court, Case No. SCD151547. [Doc. No. 1].  On November 21, 2007, Respondent filed a Motion to Dismiss the Petition as procedurally time-barred pursuant to 28 U.S.C. § 2244(d). [Doc. No. 13].  On December 19, 2007, Petitioner filed an Opposition to Respondent's Motion to Dismiss. [Doc. No. 14].  Based upon a review of all the materials, for the reasons set forth herein, it is recommended that Respondent's Motion to Dismiss the Petition as procedurally time-barred be **GRANTED**.

---

[1]Petitioner is entitled to the benefit of the "mailbox rule," which provides that petitions are deemed filed upon delivery to prison officials. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Huizar v. Carey*, 273 F.3d 1220, 223 (9th Cir. 2001) (application of *Houston's* mailbox rule to federal habeas filings); *see also Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (recognizing same with regard to state habeas petitions).  Here, the instant federal Petition was signed on June 19, 2007, and this Court will therefore construe the Petition as having been filed on that date.

## **PROCEDURAL HISTORY**

**A.     Conviction and Sentence**

On December 28, 2000, a jury convicted Petitioner of first degree murder (Cal. Penal Code §§ 187(a), 189).  The jury also found Petitioner personally used a handgun in committing the murder (Cal. Penal Code § 12022.5(a)(1)).  Petitioner was sentenced to serve a term of fifty-nine years to life in state prison (25 years to life for first degree murder, doubled due to a "strike"; five years for prior serious felony conviction and four years for personal use enhancement). [Notice of Lodgment in Support of Respondent's Motion to Dismiss Petition ("Lodgment") 1, at p. 7].

**B.     Direct Appeal**

Petitioner filed a timely direct appeal with the California Court of Appeal, Fourth Appellate District, Division One, challenging his conviction on numerous grounds. [Lodgment 1].  On June 9, 2003, the Court of Appeal affirmed the judgment. [*Id.*].  On July 14, 2003, Petitioner filed a petition for review in the California Supreme Court. [Lodgment 2].  On September 17, 2003, the Supreme Court denied his petition for review. [*Id.*].  Petitioner did not file a petition for certiorari in the United States Supreme Court. [Pet. at 3.]

**C.     First State Court Petition for Habeas Review**

On March 8, 2004[2], Petitioner filed a petition for writ of habeas corpus in the California Superior Court, arguing four of the same grounds raised on direct appeal. [Lodgment 3].  On May 4, 2004, the Superior Court denied the writ. [Lodgment 4].  On May 17, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One. [Lodgment 5]. On June 17, 2007, the Court of Appeal denied the petition. [Lodgment 6].  On June 27, 2004, Petitioner filed a petition for writ of habeas corpus in th2e California Supreme Court. [Lodgment 7].  On May 18, 2005, the Supreme Court denied the petition. [Lodgment 8 ].

**D.     Second State Court Petition for Writ of Habeas Corpus**

On December 12, 2005, Petitioner filed another petition for writ of habeas corpus in the California Superior Court, arguing three grounds relating to his conviction that were not previously

---

[2]Again, Petitioner is entitled to the benefit of the mailbox rule to determine the filing date of his state habeas petitions.  *See supra,* note 1.

raised on direct appeal or in the first round of state habeas petitions. [Lodgment 9, at pp. 3, 4; Lodgment 9, Memo. of Points and Authorities, at p. 23]. On February 8, 2006, the Superior Court denied the petition. [Lodgment 10]. On March 1, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth District, Division One. [Lodgment 11, at p. i]. On June 30, 2006, the Court of Appeal denied the petition. [Lodgment 12].

On July 26, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. [Lodgment 13, at p. i]. On May 23, 2007, the Supreme Court denied the petition, citing the following cases: *In re Robbins*, 18 Cal.4th 770,780 (1990) (which sets forth timeliness framework for petitions); *In re Clark*, 5 Cal.4th 750 (1993) (which holds that absent justification, successive or untimely petitions will be summarily denied); *In re Waltreus*, 62 Cal.2d 218 (1965) (which holds that habeas corpus cannot serve as a second appeal); and *In re Dixon*, 41 Cal.2d 756 (1953) (which holds that a writ of habeas corpus is not available for claims that should have been raised on appeal). [Lodgment 14].

**E.     Present Federal Petition for Writ of Habeas Corpus**

Petitioner filed the instant federal Petition on June 19, 2007, challenging his conviction based on numerous grounds raised on direct appeal and in his state habeas petitions. [Pet., at 6-17]. On November 21, 2007, Respondent filed a motion to dismiss the Petition, claiming the Petition is barred by the one-year statute of limitations. [Doc. No. 13]. On December 19, 2007, Petitioner filed an Opposition to Respondent's Motion to Dismiss, claiming statutory tolling places the Petition within the limitations period. [Doc. No, 14-2]. Petitioner also alleges in his Opposition that Respondent acted in bad faith in requesting an extension of time to respond to the Petition because Respondent's request was limited to an extension to file an "answer" and not a motion to dismiss. The Court finds this claim is without merit. Even though Respondent's request uses the term "answer", the Court understands the request as an extension of time to file a response, which is either an answer or a motion to dismiss.

/ / /

/ / /

/ / /

/ / /

# DISCUSSION

**A.      The AEDPA's Statute of Limitations**

Petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) which sets forth a one-year statute of limitations for state prisoners seeking collateral review in federal court. Pursuant to AEDPA, 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244 (d) (1) (A)-(D).

Only section 2244 (d)(1)(A) applies in this case. While section 2244(d)(1)(A) provides no definition of "final by the conclusion of direct reveiw," the Supreme Court has explained that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v, Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (citing *United States v. Johnson*, 457 U.S. 537, 542 n. 8 (1982)). Moreover, it is well established in the Ninth Circuit that "direct review" includes the ninety-day period within which a habeas petitioner can file a petition for writ of certiorari from the Supreme Court, whether or not that petitioner in fact files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158-58;  *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); Supreme Ct. Rule 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

///

In this case, the California Supreme Court denied Petitioner's petition for review on direct appeal on September 17, 2003. Petitioner's conviction became final on December 16, 2003, upon expiration of the ninety-day period in which Petitioner could have sought certiorari. Thus, the one-year statute of limitations period commenced on December 17, 2003, and expired one year later on December 17, 2004. Therefore, the instant Petition, which was filed on June 19, 2007, is untimely unless the limitations period was sufficiently tolled.

**B.     Tolling of the AEDPA's Limitations Period**

    **1.     <u>Statutory Tolling</u>**

The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). A state-court petition is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Time limits on post-conviction petitions are conditions to filing. *Id.*, at 8, 11. In *Carey v. Saffold*, 536 U.S. 214 (2002), the Court held that the time between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher state court does not toll the statute of limitations (i.e., an application for post-conviction relief is not "pending" during the interstitial periods while one is pursuing a full round of state collateral review) if the petition is ultimately found to be untimely. *Id.*, at 223-26. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration (i.e., an application for post-conviction relief is not "properly filed") if it is untimely. *Id.*, at 413-14. "When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of section 2244 (d)(2)." *Id.*, at 414. Furthermore, "petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another. *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003).

As set forth above, the statute of limitations began to run on December 17, 2003, and expired on December 17, 2004. Statutory tolling began when Petitioner filed a habeas petition in the California Superior Court on March 8, 2004, 81days into the 365-day AEDPA limitations period (December 17, 2003, to March 7, 2004 (day before tolling began) equals 81 days). Statutory tolling ended and the clock began to run again when the California Supreme Court denied Petitioner's habeas petition on May

18, 2005. Statutory tolling began again when Petitioner filed his second habeas petition in the California Superior Court on December 12, 2005, 207days into the limitations period (May 18, 2005, to December 11, 2005 (day before tolling began again) equals 207 days), for a total of 288 days into the 365-day statute of limitations. Statutory tolling ended when the California Court of Appeal denied the petition on June 30, 2006, leaving 77 days in the statutory limitations period.

Even though Petitioner thereafter filed a habeas petition in the California Supreme Court, he is not entitled to statutory tolling for the time between the California Court of Appeal denial on June 30, 2006, and the California Supreme Court denial on May 23, 2007, because the state Supreme Court denied the petition as untimely. *See Pace*, 544 U.S. at 413-14; *Carey*, 536 U.S. at 223-26; *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (concluding that under *Pace*, "if the petition was untimely under California law, it was never properly filed," and rejecting the proposition that statutory tolling is available when the state court denied a post-conviction petition both on the merits and as untimely), *as amended*, 439 F.3d 993, *cert. denied*, 127 S.Ct. 132 (2006), citing *Carey*, 536 U.S. at 225-26.

The citations to *In re Robbins* and *In re Clark* by the state Supreme Court, and in particular, the reference to the specific page in *Robbins*, clearly indicates that Petitioner's state Supreme Court petition was untimely and that he failed to adequately explain his delay in presenting the claims. *See In re Robbins*, 18 Cal.4th 770, 780 (1990) (setting forth "analytical framework governing our timeliness determinations"); *In re Clark*, 5 Cal.4th 750 (1993) (absent justification, successive or untimely petitions will be summarily denied ("[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition.") *Id.*, at 770. Furthermore, a state Supreme Court's denial of a petition for other reasons does not negate the denial based on timeliness. *See Bonner*, at 1148-49; *Carey*, 536 U.S. at 225-26.

Here, when the Court of Appeal denied the petition on June 30, 2006, only 77 days remained in the limitations period. However, Petitioner did not file the instant Petition until June 19, 2007, 277 days beyond the statute of limitations period. Thus, the instant Petition is untimely absent equitable tolling.

**2.      Equitable Tolling**

The statute of limitations is also subject to equitable tolling, but such tolling is unavailable in most cases. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling applies only when "extraordinary circumstances beyond a petitioner's control" make it impossible to file a timely petition. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations omitted). Equitable tolling does not extend to "garden variety" contentions of "excusable neglect" such as lack of knowledge of the filing deadlines, lack of representation, and unfamiliarity with the legal process. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The petitioner bears the burden of demonstrating both "extraordinary circumstances" and due diligence in pursuing his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Gaston v. Palmer*, 417 F.3d, 1030, 1034 (9th Cir. 2005).

Here, Petitioner failed to make a showing that there were any circumstances, much less extraordinary circumstances, which prevented him from filing his Petition in a timely manner. Because the statute of limitations ran on federal habeas corpus relief, Petitioner is not excused from filing an untimely petition.

## **CONCLUSION**

For the reasons set forth herein, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**. This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §636(b)(1)(1988). Any party may file written objections with the court and serve a copy on all parties by **February 15, 2008.** The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **February 29, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Y1st*, 951 F.2d 1153 (9th Cir 1991).

IT IS SO ORDERED.

DATED: January 25, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court